# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| EDUARDO VIZCAYNO, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> R WELLS, HEAD LAW LIBRARY § <br> SUPERVISOR; M GRIFFIN, § <br> CORRECTIONAL OFFICER; AND § <br> OFFICE OF THE ATTORNEY GENERAL § <br> AS AMICUS, § <br> § <br> Defendants. § | CIVIL ACTION NO. 5:18-CV-00051-RWS-CMC |

## ORDER

The Plaintiff Eduardo Vizcayno, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Telford Unit law library supervisor R. Wells and Officer M. Griffin.

### I.  Background

The Magistrate Judge ordered Plaintiff to pay an initial partial filing fee of $4.50, in accordance with 28 U.S.C. § 1915(b). Docket No. 22. Plaintiff has not complied with the order to pay the initial partial filing fee.

The Magistrate Judge also ordered Plaintiff to file an amended complaint setting out his claims with more factual specificity. Docket No. 8. Plaintiff filed an amended complaint, which reads, in its entirety, as follows:

> Wells did not allow me to go in law library to grieve against the State. First and 8th Amendment violation. Officer Griffin violated my 1st, 5th and 8th Amendment by not allow[ing] me to get toilet paper which will put my life in danger of holding toxic waste causing cruel and unusual punishment after serving me a case.

Docket No. 10.

After review of the pleadings, the Magistrate Judge issued a Report and Recommendation, recommending the lawsuit be dismissed. Docket No. 28. The Magistrate Judge first found that, as of the date of the report, Plaintiff had not paid the partial filing fee. *Id.* at 1. Accordingly, the Magistrate Judge recommended dismissing the case for failure to prosecute. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Magistrate Judge further recommended the case be dismissed for failure to state a claim because Plaintiff's pleadings were "wholly conclusory" and Plaintiff failed to allege "sufficient facts which, taken as true, raise a right to relief beyond a speculative level." *Id.* at 3.

## II. Discussion

Plaintiff filed an objection. Docket No. 31. Plaintiff states that he received the order instructing him to pay the $4.50 filing fee, but he overspent his commissary funds because he thought the fee had already been paid. *Id.* He further states he has "been having a lot of issues on this all trash unit with a lot of problems also civil actions copyrites on an officer That Wey." *Id.*

The filing fee order states "the plaintiff is responsible for timely payment of the initial partial filing fee." Docket No. 22 at 1. Despite his objections, Plaintiff was thus on notice that he had to pay the fee, and the Magistrate Judge properly determined his failure to do so amounted to a failure to prosecute or to obey an order of the Court.

Plaintiff does not mention or object to the Magistrate Judge's conclusion that his complaint failed to state a claim upon which relief may be granted. A complaint must allege sufficient facts

which, taken as true, state a claim for relief which is plausible on its face. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). When analyzing a complaint, *pro se* plaintiffs are held to a more lenient standard than are lawyers, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Though Plaintiff did not object to that aspect of the report, the Court has conducted a de novo review of Plaintiff's amended complaint and agrees with the Magistrate Judge's conclusion that Plaintiff failed to state a claim.

### III.  Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined the Magistrate Judge's report is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections (Docket No. 31) are **OVERRULED** and the Magistrate Judge's Report (Docket No. 28) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to state a claim. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

**So ORDERED and SIGNED this 18th day of March, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE